Opinion issued November 24, 2004







     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01065-CR




MICHAEL ALLEN MONTGOMERY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 913811




MEMORANDUM OPINION

          Appellant, Michael Allen Montgomery, was found guilty of murder; the jury
assessed his punishment at 60 years’ confinement. In his sole issue, appellant
contends that the trial court erred in admitting prejudicial hearsay testimony into
evidence. We affirm.
Facts
          Appellant met the deceased, Natalie Moore, in late April 2002. The two moved
in together in May 2002, and appellant stabbed Moore to death a few weeks later on
June 1, 2002. 
          Moore had worked at Braeburn County Club and had gotten appellant a job
there as a chef. Marenda Wilson also worked at the club with appellant and Moore. 
At trial, Wilson testified that appellant scared her, in part because of his tattoos, his
practice of Kabbalah, and his religious chanting. She stopped working at the club a
few days before the murder because she was afraid of appellant. While the three of
them worked together, Wilson was able to observe the relationship between appellant
and Moore. 
          Wilson believed that appellant was very possessive of Moore. She witnessed
an argument between appellant and Moore during which appellant allegedly threw
a knife at Moore, although Wilson acknowledged that she did not actually see
appellant throw the knife; she only saw the knife on the floor afterward. Wilson was
concerned for Moore’s safety after hearing this argument. Although she told Moore
about her concerns, Wilson did not advise Moore to leave appellant; instead, against
her better judgment, she told Moore that “maybe [appellant] just loves you a lot.” 
          A few days before Moore was killed, Wilson expressed her concerns for
Moore’s safety to her supervisor at the club, Reuben. Wilson told Reuben that she
believed if Moore ever tried to leave appellant, appellant would kill Moore. 
          On the evening of the murder, appellant called 911 to report that he had killed
Moore in their apartment by stabbing her. When Houston Police Officer Michael
Ferguson arrived at the scene, he saw appellant running down the stairs toward him
yelling, “I just killed my girlfriend!” Appellant was subsequently arrested. Houston
Police Officer Paul Motard took appellant’s statement; in his statement, appellant
admitted stabbing Moore and then stabbing her again in the heart “to put her out of
her misery.” The medical examiner confirmed that Moore’s death was caused by
eleven stab wounds inflicted by two knives of different sizes. Analysis
          In his sole issue, appellant contends that the trial court erred in admitting
Wilson’s testimony about her conversation with Reuben over his hearsay objection. 
          Appellant argues that Wilson’s testimony was inadmissible hearsay because it
was offered only to show the truth of the matter asserted, it did not fit into any of the
statutory exceptions to the hearsay rule, and it had a substantial influence on the
outcome of the case.
          Standard of Review
          On appeal, a trial court’s decision to admit or exclude evidence is subject to
review for an abuse of discretion. Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim.
App. 2002); Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). We must
uphold the ruling if it is reasonably supported by the record and is correct under any
theory of law applicable to the case. Willover, 70 S.W.3d at 845. We will reverse
only if the ruling is outside the zone of “reasonable disagreement.” Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g). The State is
permitted in a murder prosecution to offer testimony as to all relevant facts or
circumstances regarding the killing, the previous relationship between the accused
and the deceased, or the accused’s state of mind. Tex. Code Crim. Proc. Ann. art.
38.36(a) (Vernon Supp. 2004-2005). 
          Hearsay
          “‘Hearsay’ is a statement, other than one made by the declarant while testifying
at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”
Tex. R. Evid. 801(d). As a general rule, hearsay evidence is inadmissible unless it
falls within an exception. See Tex. R. Evid. 802.
           The trial court permitted Wilson to testify about these conversations with
Moore and with her supervisor as follows:
          [State]:        Specifically, [describe] your conversation with [Moore] and
confine your comment to what you said.
 
          [Counsel]:   Once again, that is hearsay.

          [The Court]:Overruled.
 
          [Wilson]:     I told her – I feel bad about it because I lied. I should have told
her to leave him, but I told her because I knew that she would
probably go back and tell him, I told her, maybe he just loves you
a lot.
 
          [State]:        Do you remember having a conversation where you expressed
some concerns you had to Reuben?
 
          [Wilson]:     Yes.
 
          [State]:        Your supervisor?
 
            [Wilson]:     Yes.
 
          [State]:        What did you tell Reuben about your concerns?
 
          [Counsel]:   Once again, Your Honor, this is clearly hearsay.

          [The Court]:Overruled.
 
          [Wilson]:     I told Reuben if she ever tries to leave him, he would kill her.

          Appellant argues that Wilson’s testimony was inadmissible hearsay because it
was offered only to establish the truth of the matter asserted. We cannot agree. 
Wilson’s testimony was not hearsay because it was not offered to prove the truth of
the matter asserted. Rather, Wilson’s testimony was offered pursuant to article
38.36(a) to provide her perception of the relationship between Moore and appellant
prior to Moore’s death. See Jaggers v. State, 125 S.W.3d 661, 670 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d) (holding evidence of previous threats to
kill victim admissible under article 38.36(a) because it tended to establish defendant’s
state of mind and relationship between accused and deceased). Wilson’s testimony
about her statement to Reuben was also intended to convey her perception of Moore’s
and appellant’s relationship and the intensity of the emotions sustaining it, rather than
to predict what was bound to happen in the future, thus contributing to its
admissibility. See id.Conclusion
          We overrule appellant’s sole issue. 
          We affirm the judgment of the trial court. 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).